**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**MORRIS JAMES**

**v.**                                                                    **No. 2:03CR088-M**

**UNITED STATES OF AMERICA**

<u>**ORDER**</u>

This cause comes before the court on the *pro se* motion of Morris James to vacate, set

aside, or correct his sentence under 28 U.S.C. § 2255.  James claims that his counsel rendered

ineffective assistance at his sentencing hearing on March 11, 2005 by failing to object and argue

that James's sentence for Counts Twenty-one, Twenty-three, Twenty-four, and Twenty-five of

his indictment should run concurrently with, instead of consecutively to, his sentence for Counts

One through Nineteen.  The government has responded, and James has replied.  The matter is

ripe for resolution.  For the reasons set forth below, the instant motion shall be denied .

*Facts and Procedural Posture*

On June 25, 2003, Morris James was charged in a twenty-six count indictment with

various crimes arising out of a fraudulent scheme to solicit, prepare and process applications for

government compensation from a black farmers' lawsuit and a black inheritance tax credit.

Specifically, Counts One through Twenty-One of the indictment charged that Morris James and

others knowingly and willfully used and caused to be used the United States mail, private and

commercial interstate carriers, and interstate wire communications for the purpose of executing

the scheme and artifice to defraud others. Counts Twenty-three through Twenty-six charged James and others of committing similar offenses.

James, represented by counsel, appeared before the court for trial on November 1, 2004. A jury was selected and empaneled. On November 11, 2004, after the presentation of evidence and argument by counsel, the jury returned guilty verdicts on Morris James as to counts One through Nineteen, Twenty-one, Twenty-three, Twenty-four, and Twenty-five. The jury acquitted James on counts Twenty and Twenty-six. The jury also found beyond a reasonable doubt that the actual and intended loss attributable to James was $431,769. On March 11, 2005, James, again represented by counsel, appeared before the court for sentencing. The court, pursuant to the Federal Sentencing Guidelines, sentenced James to seventy-eight months' imprisonment.

James timely appealed the judgment and convictions to the Fifth Circuit Court of Appeals, where he challenged the sufficiency of the evidence. James made several other claims, including abuse of discretion by the court in denying his requests for subpoenas or an investigator, and error by the court in a jury instruction concerning a matter of tax law. James also challenged the government's use of peremptory challenges. Finally, James challenged his sentence based on the decision in *United States v. Booker*, 125 S.Ct. 738 (2005). The Fifth Circuit Court of Appeals rejected his arguments and affirmed the judgment of conviction and sentence. *United States v. James*, 200 Fed. Appx. 304 (5th Cir. 2006) (not reported).

Next, James filed petition for rehearing with the Fifth Circuit Court of Appeals. The Fifth Circuit denied his petition on October 31, 2006. James filed his § 2255 motion on November 5, 2007.

### *Timeliness of Motion*

Motions made pursuant to 28 U.S.C. § 2255 are barred one year after a final decision has been entered. The Fifth Circuit Court of Appeals has plainly held that "an order denying certiorari review takes legal effect and is not suspended pending any application for rehearing." *United States v. Thomas*, 203 F.3d 350, 356 (5th Cir. 2000). The Fifth Circuit Court of Appeals denied James' petition for rehearing on October 31, 2006. Thus, James should have filed the instant motion on or before October 31, 2007.

The court received and filed James' petition on November 5, 2007, after his one-year filing period had elapsed. Nonetheless, James dated his petition October 30, 2007. In considering motions filed by prisoners, the date of delivery to prison authorities for mailing to the court can be considered the filing date. *Houston v. Lack*, 487 U.S. 266 (1988). Therefore, the court will consider James' petition timely filed and will address the substantive issues set forth in that motion.

### *Ineffective Assistance of Counsel*

James filed this § 2255 motion to vacate, set aside, or correct his convictions for federal mail fraud violations based on ineffective assistance of counsel. The court analyzes a prisoner's claims for ineffective assistance of counsel under the two-part *Strickland v. Washington* test, 466 U.S. 668 (1984). *United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000). First, the petitioner must establish that counsel's performance was constitutionally deficient. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). This requires a showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Id.* Second, the petitioner must show that the deficient performance prejudiced the defense. *Id.*

That is, James must show, with reasonable probability, that had his counsel acted as James

suggests he should have, the sentencing would have had a different outcome. *United States v.

Dovalina*, 262 F.3d 472, 474-75 (5th Cir. 2001).

James claims that his attorney provided ineffective assistance of counsel by failing to

object that his sentence for counts Twenty-one, Twenty-three, Twenty-four, and Twenty-five be

run concurrently with his sentence for counts One through Nineteen. James has established

neither that his counsel erred, nor that his sentences would have been different had his counsel

acted differently. Thus, the court must deny James' § 2255 motion to vacate, set aside, or

correct his sentence based on ineffective assistance of counsel.

### *Sentencing*

James asserts that his counsel's performance fell below objective standards of

reasonableness when counsel never objected or argued that while the court was considering his

sentence, the district court had discretion under 18 U.S.C. § 3584 to impose concurrent

sentences in his case. Under § 3584, multiple sentences imposed on a defendant at the same

time may run concurrently, and the district court has discretion to impose concurrent sentences,

taking into account the factors listed in 18 U.S.C. § 3553(a). In fact, the court did impose

concurrent sentences for James' offenses as to counts One through Nineteen. For those counts,

James received a sentence of sixty months, "such terms to run concurrently to each other."

Sentencing Trans., March 11, 2005, P. 652. James also received sentences to be run

concurrently for counts Twenty-one, Twenty-three, Twenty-four, and Twenty-five. James'

sentence for each of those counts was eighteen months, but the court ordered that those

sentences be run concurrently. Therefore, James' argument that his counsel should have alerted

the court to its ability to issue concurrent sentences lacks merit; the court was clearly aware of that ability, as it did enter concurrent sentences for James.

James takes issue with the court's order that his concurrent sentences for counts One through Nineteen be run consecutively with his concurrent sentences for counts Twenty-one, Twenty-three, Twenty-four, and Twenty-five. The decision to run these sentences consecutively resulted in James receiving a total of seventy-eight months' imprisonment. James rightly claims that the decision in *United States v. Booker*, 125 S.Ct. 738 (2005) rendered the sentencing guidelines discretionary. However, James makes no mention of the fact that since the sentencing guidelines are now discretionary, he could have received the statutory term of five years' imprisonment for each of his twenty-four convictions. The court had discretion to run each statutory term consecutively, which would have resulted in a sentence of 1440 months (120 years) in prison. When faced with the statutory maximum sentences that James could have received based upon the crimes of which the jury found him guilty, James' claim that his counsel was ineffective by failing to object to the court's abuse of discretion during sentencing lacks credibility.

The record reveals that James' counsel acted as a zealous advocate for his client during the sentencing proceedings. Counsel clearly pointed out to the court that, since the *Booker* decision, "the guideline range is only one of many factors the courts can now look at under 3553(a)." Sentencing Trans., March 11, 2005, P. 636. Counsel furthermore stated:

> The guidelines . . . come out to 78 to 92 months . . . since the guidelines are advisory in nature, we feel strongly that under the factors in 3553 (a), an appropriate sentence would be less than the guidelines.

*Id.* James' counsel then argued that, although the guidelines are discretionary, the court could

not sentence James above the guidelines, because the guidelines were mandatory at the time that James committed his crimes. Instead, counsel argued that the court could, and should, sentence James below the guidelines: ". . . in this case, in our view, a reasonable sentence would actually be less than the guidelines." *Id.* at 638.

The court heard counsel present arguments as to why James should receive less than the recommended sentence under the guidelines. Among these arguments were James' age, lack of significant criminal history, community service, longstanding marriage, and lack of personal profit from the fraud he committed. Nonetheless, the court accepted the government's arguments that, according to *United States v. Booker* and *United States v. Mares*, 402 F.3d 511 (5th Cir. 2005), the guidelines are presumptively reasonable and James' sentence should land within the guidelines. Specifically, the court found, according to *Mares*, "the test is whether the sentence within the guidelines or outside the guidelines is reasonable and whether or not it's based upon reasonable facts." Sentencing Trans., March 11, 2005, P. 644.

Section 5G1. 2(d) of the Sentencing Guidelines provides:

> [i]f the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts *shall run consecutively*, but only to the extent necessary to produce a combined sentence equal to the total punishment. In all other respects, sentences on all counts shall run concurrently, except to the extent otherwise required by law.

§ 5G1.2(d) (emphasis added). The "total punishment" is "calculated from the Guidelines Sentencing Table by correlating the appropriate criminal history category . . . with the defendant's combined offence level." *United States v. Martinez*, 274 F. 3d 897, 904 (5th Cir. 2001) (internal quotations and citations omitted). The total punishment under the guidelines for James' convictions was no less than seventy-eight months of imprisonment, yet the statutory

maximum term of imprisonment for his counts of conviction was sixty months each.

The guidelines clearly provide that, where the statutory maximum is less than the minimum total punishment according to the guidelines, the district court shall impose consecutive sentences to the extent necessary to meet the minimum total punishment. *See United States v. Garcia*, 322 F.3d 842 (5th Cir. 2003); *United States v. Martinez*, 950 F.2d 222 (5th Cir. 1991); *see also United States v. Cathey*, 259 F.3d 365, 367 (5th Cir. 2001) (explaining the district court applied a consecutive sentence consistent with § 5G1.2(d) because it "dictates consecutive sentences when the individual sentences are less than the total punishment prescribed by the Guidelines.")

Given the language of U.S.S.G. § 5G1.2(d), along with the prevailing Fifth Circuit jurisprudence in *United States v. Mares*, 402 F.3d 511 (5th Cir. 2005) (stating that although the guidelines are discretionary, they are presumptively correct), the district court was required to impose consecutive sentences because the highest statutory maximum for each conviction was less than the minimum sentence under the guidelines. Therefore, James has failed to establish either error by the court, or by extension, ineffective assistance of his counsel. James does not set out any reasons why the court might have chosen to depart from the guidelines if his counsel had acted differently. In fact, the court chose not to depart only after various arguments by James' counsel as to why his sentence should be lower than the guidelines. Given the record at the sentencing hearing on March 11, 2005, James clearly cannot establish prejudice.

### Conclusion

James' claims are without merit, and the record demonstrates that he is not entitled to any relief. For the above reasons, the instant motion to vacate, set aside, or correct

James' sentence shall be denied.

**SO ORDERED,** this the 30th day of June, 2008.

/s/ MICHAEL P. MILLS
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**